*JAMES COSNER v. STATE OF OHIO.

1. INDORSEMENT OF CHECK SUBJECT OF FORGERY.

An indorsement of a check is the subject of forgery under Sec. 7091 Rev. Stat.

2. FAILURE OF PROOF.

An indictment charging the unlawful uttering and publishing as true and genuine a false, forged and counterfeited check is not supported by proof of the forgery of an indorsement of the payee's name thereon. The instrument having been issued by the drawer as his genuine act, forging an indorsement thereon of the payee's name is a distinct and new contract, and the subject of forgery under the statute, Sec. 7091.

3. INDICTMENT MUST CHARGE PARTICULAR ACT COMPLAINED OF.

To convict a party of forging an indorsement on a check otherwise genuine, the indictment must charge the particular act complained of, namely, of forging an indorsement of the instrument, and where the indictment charges only an

---

*Affirmed by the Supreme Court without report, May 12, 1903, 48 Bull. 487.

Cosner v. State.

unlawful uttering and publishing of the instrument, there is a failure of proof, where only a false and forged indorsement is shown.

ERROR to the court of common pleas of Richland county.

**W. F. Voegele, Jr.,** for plaintiff in error.

The indictment should be specific in charging the crime committed. Lamberton v. State, 11 Ohio 282; Groenland v. State, 6 Dec. 313 (4 N. P. 122) ; State v. Philorick, 31 Me. 401; United States v. Hess, 124 U. S. 483 [8 Sup. Ct. Rep. 571] ; 10 Am. & Eng. Enc. Law (1 ed.) 566.

To maintain an indictment charging the unlawful uttering and publishing of a false, forged and counterfeited check the proof must show :

First. That the instrument is a check for the payment of money as stated. (The proof shows this fact.)

Second. That the accused knew the same to be false, forged or counterfeited. (The proof fails to show this fact.)

Third. The uttering and publishing at the time and place, by the accused, to the person stated in the indictment, as true and genuine

Fourth. That said check is really forged. Ellars v. State, 25 Ohio St. 385.

A check having been in no way altered, an indictment for forging it must fall for the reason that the most essential element of the crime is not supported by the evidence. If the writing is really what it purports to be, then there is not a false making, and the crime of forgery has not been committed. For the same identical reason there could be no unlawful uttering. Hawley, Criminal Law 225.

This defendant was squarely indicted for "uttering and publishing as true and genuine, a certain false, forged and counterfeited check: The check was proven to be good and without "alteration." Thereupon counsel for state, having failed to prove the check a forgery, introduced witnesses to prove that the said defendant forged the indorsement on the back of said check, and was allowed so to do over the objection of this defendant. This was error.

This evidence was not even admissible to show guilty knowledge in the case at bar—all that is claimed for it by the plaintiff in error.

First. Because the check was genuine, and if so, the defendant could have had no knowledge that it was a "forgery."

Second. Because this defendant was not charged with the crime of "uttering or publishing a forged indorsement."

It is fundamental, as a general proposition, that proof of one offense is not competent in order to prove that the party committed another distinct, unrelated offense. Such facts are regarded as collateral. 1 Green-

leaf, Evidence Sec. 52; Knight v. State, 54 Ohio St. 365, 379 [43 N. E. Rep. 995].

An indorsement on a check is not a part thereof. 3 Am. & Eng. Enc. Law (1 ed.) 211; Story, Promissory Notes (7 ed.) Sec. 487; 2 Daniel, Neg. Inst. 528; Webster's Unabridged Dictionary; Century Dictionary.

The check was a complete instrument in every respect without the indorsement. Poage v. State, 3 Ohio St. 230; Aymar v. Sheldon, 12 Wend. 439 [27 Am. Dec. 137].

As between indorser and indorsee, every indorsement is a new bill. Ballingalls v. Gloster, 3 East 481; Heylin v. Adamson, 2 Burr. 674.

The indorsement is a new and substantive contract. The indorsement is understood to be not simply the transfer of the paper, but a new and substantive contract. Slacum v. Pomeroy, 10 U. S. (6 Cranch) 221; Story, Conflict of Laws 261; Case v. Heffner, 10 Ohio 180.

The indorsement of a note is not a part of it. It is made subsequent to the execution and delivery of the note, is separate and distinct from it, and the description is as complete without the indorsement as without the filing of the maker's name, or the amount due; neither of which can be said to form any part of the note itself. Montgomery v. State, 10 Ohio 220; 19 Ark. 354.

A case directly in point, in that it refers to the indorsement on a check, the court decisively says that the check was a complete instrument without the indorsement; there is no averment or proof that the indorsement was forged. The charge was for forging the check and uttering it as true. The indorsement did not form any part of the check, but was a distinct contract. Miller v. People, 52 N. Y. 304.

The indorsement is no part of the note, but an act presumed to be done after the note is complete. Commonwealth v. Ward, 2 Mass. (1 Tyng) 393, 397; Commonwealth v. Bailey, 1 Mass. 62; Commonwealth v. Stevens, 1 Mass. 203; Hess v. State, 5 Ohio 5, 9 [22 Am. Dec. 767]; Burdge v. State, 53 Ohio St. 512, 514, 515 [42 N. E. Rep. 594]; Martin v. Cole, 104 U. S. 30, 37.

To further maintain the proposition that the indorsement on the back of any check or note is not a part of the check or note, I would put this question: Assuming money to be advanced on a check of this kind and under the same circumstances, who would be compelled to pay this check? Can the bank paying said check deduct the amount therein specified from the depositor's account? No. Cincinnati Nat. Bank v. Creasy, 10 Re. 121 (18 Bull. 410); Dodge v. Bank, 30 Ohio St. 1.

A charge of unlawfully uttering and publishing a forged check will

not be sustained by evidence that the indorsement only is forged and that the check is genuine.

In such a case the indictment should be for uttering and publishing a forged acceptance, and not for the forging of the instrument itself. Rex v. Hornwell, Moody C. C. 405.

There was not only a material variance between the allegations of the indictment and the proof offered at the trial, but there was a total and absolute failure of proof.

The evidence clearly shows the check to be genuine. Therefore there could not have been an unlawful uttering and publishing of a forged check.

On an indictment under Sec. 6820 Rev. Stat. for maliciously cutting with intent to kill, the prisoner cannot be convicted of "maliciously cutting with intent to wound." They are offenses of the same degree, and may be punished with equal severity. Cutting with specific intent of wounding not being charged in this indictment, there can be no conviction under it of that offense. Barber v. State, 39 Ohio St. 660.

In conclusion we maintain that the defendant was squarely charged for uttering and publishing as true and genuine a false, forged and counterfeited check, and not for "uttering and publishing a forged indorsement," which is entirely a separate and distinct offense.

Second. That there is not a single iota of evidence in the record to maintain this indictment.

Third. "An altered instrument is one that was genuine before alteration, but a forged and counterfeited instrument is one that was never genuine." Stoughton v. State, 2 Ohio St. 562, 566.

**W. H. Bowers,** prosecuting attorney, for the state.

**VOORHEES, J.**

Plaintiff in error was indicted, tried, and convicted under Sec. 7091 Rev. Stat., for uttering and publishing as true and genuine a certain false, forged and counterfeited check. The indictment, in a single count, charges the crime substantially as follows: "that he did unlawfully utter and publish as true and genuine a certain false, forged and counterfeited check of the purport and value following, to wit:

No. 34                    Fredericktown, Ohio, Feb'y 26, 1902.
                The First National Bank
Pay to Chas Wolf or order $12.42 Twelve and 42-100 Dollars.
                                        W. H. Boose."

The indictment further alleged that, "Said check is indorsed as follows: 'Chas. Wolf, C. L. Culver, M. E. Fisher,' with intent thereby unlawfully to defraud; he, the said James Cosner, then and there at the time

he so uttered and published said false, forged and counterfeited check, well knowing the same to be false, forged and counterfeited."

To this indictment the plaintiff in error entered a plea of "Not guilty," was tried and convicted and sentenced to the penitentiary for a term of seven years. Error is prosecuted to this court.

It is contended:

1. That the court below erred in overruling the defendant's motion at the close of the state's evidence, to direct the jury to return a verdict of not guilty.

2. That the verdict of the jury is not supported by the evidence.

3. That there is no evidence to support the charge laid in the indictment.

4. That there is no evidence to support the verdict and judgment, and they are contrary to law.

The errors assigned require the consideration of the case as presented in the record by the bill of exceptions, and the inquiry will embrace several propositions.

The material and essential allegations which were necessary for the state to prove, under this indictment, wherein the defendant is charged with unlawfully uttering and publishing a false, forged and counterfeited check, briefly stated are:

First: That the instrument alleged to have been forged is a check for the payment of money.

Second: The uttering and publishing of the check, as true and genuine, at the time and place alleged, by the accused.

Third: That the check was in fact forged or counterfeited.

Fourth: That the accused knew the same to be false, forged or counterfeited.

If these facts were established on the trial by that degree of proof required in criminal cases, and no errors appear, the judgment of the court below should be affirmed.

The charge laid in the indictment is in the language of the statute, and is a charge of forgery, or signing and passing a check as genuine which was false and counterfeited.

The indictment is sufficient to charge a crime where the instrument was forged, that is, if the name of the drawer was forged, or unauthorized by him. But in this case the evidence shows, and it is conceded by the state, that this check was signed by the drawer, Booze, and was intended by him to be made and delivered as a genuine instrument for the payment of the amount named therein to the order of Charles Wolfe, the payee.

Cosner v. State.

It was a completed instrument, so far as its issue was concerned, when mailed by Booze to Charles Wolfe at Mt. Vernon, Ohio. Just how the check got into the possession of the plaintiff in error, the record does not show. It is conceded, however, that it was not indorsed by Wolfe, the payee, and that the defendant was not the rightful owner thereof.

The proof shows that the forgery committed, if any was committed, was in signing the payee's name on the back of the check.

When a party signs a note, check, or other instrument for the payment of money, and the payee named therein indorses it, he makes a new contract, and the law fixes its terms by implication.

The charge in this case, is that the instrument was uttered and published as true and genuine. It was signed by Booze, the drawer; he intended to issue or make it just as it appears, without the indorsement. The defendant got possession of it in some manner, and indorsed Wolfe's name, the payee, on the back, and this indorsement of Wolfe's name is a forgery. A forgery of what? Not a forgery of the check, or instrument as originally made, but of the new contract arising from the indorsement.

The authorities, without doubt, sustained this principle, that forging an indorsement upon a note or check is covered by the statute, Sec. 7091 Rev. Stat., and is of the same character or grade of crime as the forging of the pretended maker's name to the instrument when issued. Where the instrument is genuine, and only the payee's name therein is forged, is it sufficient to convict, under the indictment charging the utttering and publishing the instrument as a forgery, to prove that the indorsement is a forgery? This is the vital question in this case.

In this case there was no proof to show that this check was falsely uttered; the indorsement was the only forgery committed.

If an indorsement of a check or note by forging the payee's name thereon is the subject of forgery under Sec. 7091 Rev. Stat., how is it to be proved? Is it proved by showing that the check was genuine, and was intended to be drawn by the maker, and was a completed instrument, and after so drawn it gets into the possession of a party, other than the payee, and he forges the payee's name and receives value therefor? We think not, and therefore hold there is a failure of proof to sustain the charge laid in the indictment.

Without taking too much time to cite authorities in support of our conclusion, a few principles of criminal pleading may be referred to with propriety, and among them is the rule, that all the elements necessary to constitute the crime must be averred; in other words, the case must be clearly brought within the statute.

An indictment should set forth facts constituting the offense, so that the accused may have notice of what he is to meet, and the court, applying the law to the facts, may see that a crime has been committed. Redmond v. State, 35 Ohio St. 81, 82.

While it is the safer course to charge the offense in an indictment in the language of the statute, yet, it is not to be inferred that an indictment which simply pursues the language of the statute is sufficient, for in many cases something more is necessary. Hager v. State, 35 Ohio St. 268, 269.

In Lamberton v. State, 11 Ohio 282, the court held: That an indictment which merely used the words of the statute in that particular instance is too uncertain, because of the generality of its terms. The court thought that the particular act complained of, and which was included in the general words of description in the statute, should be set forth; and, in illustration of their views, said:

"It (the indictment) is as general as would be an indictment for forgery, which followed merely the words of the statute, without specifying any act constituting the crime, or an indictment for perjury, which only set forth that a party swore falsely, knowing to the contrary, without setting forth what matters he stated to be facts, and then falsifying them."

An indorsement of a promissory note is the subject of forgery under the crimes act, Sec. 7091 Rev. Stat. Poage v. State, 3 Ohio St. 229.

Where there has been a genuine check or promissory note made, and that check or note after being regularly issued is changed by a forged indorsement, such forged indorsement is not charged in an indictment which simply alleges the unlawful uttering and publishing of the instrument as a forged instrument.

A party has the right to know the nature of the charge which he is expected to meet. If he is charged with the forgery of the check in its original inception, he is entitled to know that; if he is to be charged on the trial under such an indictment with having forged an indorsement thereon, he has a right to be so informed.

It is not sufficient where a check has been properly and intentionally published by the maker as genuine, to prove a mere forgery of an indorsement of such check under an indictment charging a party with forgery of such check.

We think that by analogy this case comes within the rule or principle of law announced in the case of Barber v. State, 39 Ohio St. 660. In that case it was held that the offense of cutting with intent to kill, and that cut-

Cosner v. State.

ting with intent to wound are offenses of the same degree, under the provisions of Sec. 6820 Rev. Stat., making it an offense for any one to cut another person with intent to kill, wound or maim. The indictment charged a cutting with intent to kill; the verdict of the jury was, "guilty of cutting with intent to wound." The court held that the indictment was not supported by the verdict, for the reason that the offense of cutting with intent to wound is not an offense inferior in degree to that of cutting with intent to kill. By a parity of reasoning it follows, that the unlawful forging and counterfeiting an indorsement on a genuine check, is not an offense inferior to that of unlawfully uttering and publishing as genuine a like instrument; and an indictment charging the uttering and publishing of such instrument would not be supported by evidence of a forged indorsement thereof. There would be in such case a material variance between the proof and the allegations.

The crime proved is a different crime from the one charged in the indictment. It is of the same degree within the same statute and subject to the same punishment. The defendant has a right to be informed that that is the charge brought against him—it is the purpose of criminal pleading that he may be thus informed—and where the rule is violated, such pleading would not be justified. There is no testimony in this case to sustain the indictment of uttering and publishing a forged check.

The court erred in overruling defendant's motion to direct the jury to return a verdict of "not guilty" under this indictment, there being no evidence that the check was a forgery. On the contrary the evidence produced by the state showed the check was genuine, the only forgery being in the indorsement.

The court charged the jury that, "The defendant is charged with knowingly uttering a forged instrument, that is, when he uttered it, he knew it was forged. Remember, you are not trying him for the crime of forgery, and the fact that there has been testimony tending to show that he, himself, committed the forgery, you can only use for the purpose of ascertaining that he knew the instrument was forged when he passed it. If he came in possession of this check, payable as set forth by copy here, in his hands it was not an instrument for the receipt of money. It required to be completed by the indorsement of Wolfe, in his hands, and if, for the purpose of passing this check, and rendering it an instrument upon which he could draw the money wrongfully, he indorsed the name, and then afterwards passed it, he would be guilty of uttering a forged instrument. And it must be uttered for the purpose of defrauding. He must have had a purpose of defrauding some person when he uttered it."

There being no evidence of the forging of the check in its inception, but only of the indorsement, and the indictment not charging the forgery of an indorsement, there was nothing to call for the instruction given by the court, and it was misleading and prejudicial to the defendant.

The verdict of the jury is not sustained by the evidence, as under the indictment on which defendant was tried there was no evidence even tending to show the check had been forged. The indorsement of the payee's name was the only forgery shown, and with this crime the defendant was not charged in the indictment. For these errors the judgment is reversed with costs, and remanded for further proceedings.